**Dale DARE, on behalf of himself and on behalf of others similar situated, Plaintiffs.**

v.

**KNOX COUNTY and Daniel Davey, in his individual capacity and in his official capacity as Knox County Sheriff, Defendants.**

**Civil No. 02–251–P–C.**

United States District Court, D. Maine.

Dec. 18, 2006.

Dale F. Thistle, Law Office of Dale F. Thistle, Newport, ME, Sumner H. Lipman, Benjamin James Smith, James A. Billings, Robert J. Stolt, Tracie L. Adamson, Lipman, Katz & McKee, Augusta, ME, Frank P. DiPrima, Law Office of Frank P. DiPrima, Morristown, NJ, for Plaintiffs.

Cassandra S. Shaffer, Peter T. Marchesi, Wheeler & Arey, P.A., Waterville, ME, John J. Wall, III, Monaghan Leahy, LLP, Timothy P. Fadgen, Prescott, Jamieson, Nelson & Murphy, LLC, George T. Dilworth, Mccloskey, Mina & Cunniff, LLC, Portland, ME, for Defendants.

### *THE COURT'S PERMANENT INJUNCTION PURSUANT TO THIRD FINAL SETTLEMENT AGREEMENT*

GENE CARTER, Senior District Judge.

The Court has now preliminarily approved the Third Final Settlement Agreement (Docket Item No. 376–1) proposed by the parties herein. *Order on Motion for Approval of Third Final Settlement Agreement* (Docket Item No. 378). The Agreement, as approved, provides that:

> The Parties understand that the Court will issue an injunction the purpose of which will be to ensure the Defendants' compliance with Fourth Amendment law governing strip searches. The parties have agreed on the terms of the injunction which are set forth in the Court's Amended Permanent Injunction Pursuant to Settlement Agreement (Docket Item No. 364), and all parties waive their rights to appeal the entry of, and the terms of this Injunctive Order.

*Settlement Agreement* (Docket Item No. 376–1), II(B)(2), at pp. 3–4. It is the purpose of this injunction to ensure that the Defendants comply with Fourth Amendment law governing strip searches.

The Agreement also provides:

> "The Court will retain jurisdiction over the settlement and may enter orders as appropriate to enforce it, to adjudicate the rights and responsibilities of the parties, and to effect fair and orderly administration."

*Id.* ¶ III(1), at p. 6.

**NOW, THEREFORE,** in the exercise of the enforcement authority conferred on the Court by Paragraph III(1) of the Settlement Agreement and by the All Writs Act, 28 U.S.C. § 1651, it is hereby **ORDERED** that Knox County, its Sheriff, the Sheriff's appointees and all other jail employees be, and are hereby **ENJOINED** from strip searching (*see Wood v. Hancock County*, 354 F.3d 57 (1st Cir.2003)(defining "strip search")) any persons charged with a crime that does not involve weapons, violence or controlled or scheduled substances during the jail admission process—i.e., while such persons are being held awaiting bail or a first court appearance, or after being arrested on a default or other warrant—unless the officer or person conducting the strip search has reasonable suspicion to believe the person does possess a weapon, controlled or scheduled substances, or other contraband.

**IT IS FURTHER ORDERED** that Defendants and Sheriff Davey's successors in office shall be required to keep at the Knox County Jail a written log that shall record every instance in which an individu-

al is hereafter determined to be subject, for admission purposes at the Knox County Jail, to a strip search procedure, the following information:

(1) The date and time of the search procedure;

(2) The name of each officer participating in the search procedure;

(3) A brief statement of facts found to constitute "reasonable suspicion" for a strip search, to include the crime with which the individual was charged; and

(4) The name of the officer who made the determination that "reasonable suspicion" warranted a strip search and who approved the search.

Such log shall be available for public inspection at reasonable times during the County's business day in a manner similar to 1 M.R.S.A. § 408.

**IT IS FURTHER ORDERED** that the obligations of the Defendants under this Injunction are intended to conform to Fourth Amendment law governing strip searches. In the event that future decisions of the U.S. Supreme Court, the U.S. Court of Appeals for the First Circuit, or the U.S. District Court for the District of Maine hold that jails may conduct strip searches that are expressly prohibited by this Injunction, the Defendants shall have the right to petition the Court for a modification of the Injunction consistent with the above-referenced decisions. Such petition shall be decided on a determination as to whether the requested modification is in conformity with the change in law, and it shall not be reviewed under a heightened standard of review. In the event the Plaintiff class opposes such a petition through counsel, the Plaintiff class shall be awarded reasonable attorneys fees if the

Plaintiff class is the prevailing party with regard to the petition.